UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KORI D. WARD, | ) | CASE NO. 4:06 CV 1496 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO DEPARTMENT | ) | AND ORDER |
| OF REHABILITATION | ) | |
| AND CORRECTION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On June 9, 2006, plaintiff pro se Kori Ward filed this action in the United States District Court for the Southern District of Ohio under 42 U.S.C. §1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio State Penitentiary ("OSP") Physician Dr. Hiddad, OSP Physician Dr. Okiyaha, and Corrections Medical Center ("CMC") Physician Dr. Roberts. In the complaint, plaintiff alleges that he was denied prompt treatment for his broken hand and wrist. He seeks $ 400,000.00 in compensatory damages and $ 400,000.00 in punitive damages. The case was transferred to this court on June 16, 2006.

## *Background*

Mr. Ward states that he fractured his hand and wrist in several places on April 13, 2005. Dr. Hiddad confirmed the diagnosis on the following day and sent Mr. Hiddad to St.

Elizabeth's Hospital in Youngstown, Ohio. The treating hospital physician recommended immediate surgery and placed the hand and wrist in a temporary splint. Mr. Ward was then returned to OSP.

On April 21, 2005, Mr. Ward was sent to CMC in Columbus, Ohio. He indicates that x-rays were taken of his injuries and he was returned to OSP with instructions to keep the splint on his wrist for four weeks and to avoid contact sports for two weeks after that time. He indicates he began to complain to prison staff about excruciating pain he was feeling in his wrist and hand but was given no medical treatment. He indicates that at some point, a corrections officer removed his splint stating that there was nothing wrong with it. He contends he was finally seen by Dr. Hiddad in July 2005. He was sent to CMC to see a specialist on August 4, 2005.

Dr. Roberts operated on Mr. Ward on August 16, 2005. Mr. Ward claims that the defendants delayed his surgery for four months causing him some loss of function in his wrist and hand. He asserts that the defendants were negligent and committed medical malpractice, and violated his rights under the Eighth and Fourteenth Amendments.

## *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in

2

the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes

only general conclusory statements of exhaustion in his pleadings which are not sufficient to satisfy the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: 8/16/06

s/James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4